IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 07CV6183 |
| ) | JUDGE ZAGEL |
| Plaintiff, ) | MAG. JUDGE KEYS |
| ) | |
| vs. ) | |
| ) | Ancillary to an action pending |
| MOUNT SINAI MEDICAL CENTER ) | in the United States District Court for the |
| ) | Southern District of Florida – 02-22715 |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF ALTERNATIVE MOTION
OF SUBPOENA RESPONDENT DAVID C. LEACH, MD TO QUASH SUBPOENA**

David C. Leach, MD submits this memorandum in support of his alternative motion[1] to quash a subpoena commanding his attendance at a deposition on November 13, 2007 in Chicago, Illinois. Dr. Leach was served with the subpoena on October 19, 2007.[2]

**BACKGROUND**

This is an alternative motion by a subpoena respondent to quash a subpoena for a deposition issued from this Court, attached to the motion to stay or quash as Exhibit A, and ancillary to an action pending in the United States District Court for the Southern District of Florida.[3] The deposition would be unduly burdensome to Dr. Leach, as it would be duplicative

---

[1] The full motion is to stay a subpoena for deposition, or alternatively, to quash the subpoena. This memorandum addresses only the alternative motion, i.e., to quash the subpoena. The motion to stay the subpoena is addressed in the full motion, i.e., it is a speaking motion.

[2] The subpoena was served on counsel for Dr. Leach, per agreement with counsel for plaintiff. On October 30, 2007, per Fed. R. Civ. P. 26(c), counsel for subpoena respondent and for plaintiff United States conferred in good faith by telephone in an attempt to resolve this discovery dispute, and the dispute has not been resolved.

[3] *United States v. Mount Sinai Medical Center of Florida, Inc.*, No. 02-22715-CV-ASG, United States District Court for the Southern District of Florida.

of his earlier deposition taken in a similar action, and during which the plaintiff in this action questioned him extensively.

The underlying action is brought by the federal government against a Florida hospital to recover refunds made by the Internal Revenue Service for FICA taxes paid and withheld by the hospital for payments made to resident physicians.[4] There are at least seven other lawsuits[5] between plaintiff United States and various hospitals currently pending in federal District Courts around the country involving the same overall issue.

The subpoena respondent is the Executive Director of the Accreditation Council for Graduate Medical Education (ACGME), which accredits the 8,000 plus programs in graduate medical education (residency programs) in the United States, and which is located in Chicago, Illinois. Dr. Leach was approached by counsel for the hospital in the underlying Florida action for deposition or trial testimony. He agreed to appear live at trial in Miami, and the hospital notified the government that Dr. Leach has agreed to appear at the trial of the Florida action, which trial is scheduled to occur on or around March 3, 2008. In response to the notification, the plaintiff subpoenaed Dr. Leach for his deposition. Dr. Leach has not agreed to be a paid expert

---

[4] The particulars of the Florida action are discussed in several court opinions. *See, United States v. Mount Sinai Medical Center of Florida, Inc.*, 486 F.3d 1248 (11th Cir. 2007); 2006 U.S. Dist. LEXIS 57408 (S.D. Fla. 2006); 2006 U.S. Dist. LEXIS 11252 (S.D. Fla. 2006); 2005 U.S. Dist. LEXIS 8017 (S.D. Fla. 2005); 353 F. Supp. 2d 1217 (S.D. Fla. 2005); 2005 U.S. Dist. LEXIS 909 (S.D. Fla. 2005).

[5] *United States v. University Hospital, Inc.*, No. 1:05-CV-445 (S.D. Ohio)(currently pending); *Center for Family Medicine v. United States*, No. 4:05-4049 (D.S.D) (currently pending); *United States v. Partners Healthcare System, Inc.*, No. 1:05-cv-11576 (D. Mass.) (currently pending); *University of Chicago Hospitals v. United States*, No. 05-C5120 (N.D. Ill.) (government's motion for summary judgment denied; matter on appeal); *Albany Medical Center v. United States*, No. 04-CV-1399 (W.D.N.Y.) (government's motion for summary judgment granted; matter on appeal); *United States v. Memorial Sloan-Kettering Cancer Center*, No. 1:06-cv-00026 (S.D.N.Y.) (government's motion for summary judgment granted; matter on appeal); *United States v. Detroit Medical Center*, No. 2:05-cv-71722 (E.D. Mich.) (government's motion for summary judgment granted; matter on appeal).

2

witness for the hospital; he expects to be reimbursed by the hospital only for reasonable travel, accommodation and meals relating to his appearance at trial.

On April 20, 2007, Dr. Leach was deposed in one of the other seven FICA/resident physician cases,[6] per subpoena by the hospital that is a party in that action.[7] The deposition consumed a morning and an afternoon. The transcript, which is attached to the motion to stay or quash as Exhibit D, is 301 pages without exhibits, including hospital questioning (pp. 7-106; 288-295) and federal government questioning (pp. 106-288; 295-301). The vast bulk of the questioning of Dr. Leach was about the status of resident physicians as students.[8] His testimony addressed residency programs generally, as opposed to the residency programs of the hospital in the Ohio lawsuit. He testified that the ACGME had no opinion as to whether residency program payment to resident physicians should or should not be subject to FICA tax.[9]

It is expected that a deposition of Dr. Leach by plaintiff United States in the Florida case would cover the same subject matter as the deposition already taken in the Ohio case.

---

[6] *United States v. University Hospital, Inc.*, No. 1:05-CV-445, United States District Court for the Southern District of Ohio. See, *United States v. University Hospital, Inc.*, 2006 WL 212981 (S.D. Ohio 2006).

[7] Dr. Leach had previously been subpoenaed for deposition in the *Albany Medical Center* case (see footnote 5), but the deposition did not go forward, as the government was granted summary judgment the day before the deposition was to proceed.

[8] For example,
> Q (by counsel for the United States). Did I hear you correctly to say that, as far as you are concerned, your opinion is that there is no component to the GME other than education? There is nothing else?
> A. Correct.
> Q. Okay.
> A. It includes direct contact with patients. It includes didactic experiences.
>     But it is a consuming experience to achieve the skills necessary to practice independently.

Exhibit D, T. 179-180.

[9] *See*, Exhibit D, T. 167-169.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARD

Fed. R. Civ. P. 45(c)(3)(A) states, in part, "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it....(iv) subjects a person to undue burden." The movant seeking to quash a subpoena for testimony bears the burden of showing undue burden in order to obtain the desired remedy. *Yield v. O'Hanlon*, 460 F. Supp.2d 891, 895 (S.D. Ind. 2006). Nevertheless, as a non-party to the underlying Florida litigation, Dr. Leach is entitled to "somewhat greater protection" in discovery than a party. *Bond v. Utreras*, 2006 U.S. Dist. LEXIS 46279 (N.D. Ill. 2006); *Patterson v. Burge*, 2005 U.S. Dist. Lexis 1331 (N.D. Ill. 2005).

### II. THE DISCOVERY SOUGHT IS AVAILABLE IN THE OHIO DEPOSITION, AND THE BURDEN OF A SECOND DEPOSITION ON DR. LEACH WOULD EXCEED ITS BENEFIT TO THE GOVERNMENT

Fed. R. Civ. P. 26(b)(2)(C) provides that a court shall limit discovery if it determines that, among other reasons, "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit..."

In affirming a District Court grant of a motion to quash a government subpoena for documents, the Seventh Circuit has applied the benefit/burden element of the Rule 26(b)(2) standard to a Rule 45 motion to quash a third party subpoena, "The district court did not reach a further ground urged by the hospital for quashing the government's subpoena, which is simply that the burden of compliance with it would exceed the benefit of production of the material

4

sought by it. Fed. R. Civ. P. 45 (c)(3)(A)(iv)...." (internal citations omitted). *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).[10]

The discovery sought in the Florida action, the deposition of Dr. Leach, "is obtainable from some source that is more convenient, less burdensome, or less expensive," i.e., it is obtainable in the transcript of the Ohio deposition. There do not appear to be any subject matter areas of questioning Dr. Leach that are different as between the Ohio and Florida actions. If there are, consistent with Fed. R. Civ. P. 45(c)(1), it would be incumbent on plaintiff United States to narrow the subpoena to make clear that there will be no questioning in the same subject matter areas as the Ohio deposition, and thereby avoid imposing on Dr. Leach the undue burden of a duplicative deposition.[11]

The deposition of Dr. Leach in the Ohio case was exhaustive. The hospital examined Dr. Leach on direct and redirect (Exhibit D, T. 7-106; 288-295), and the government examined him on cross and recross (Exhibit D, T. 106-188; 295-301). As a non-resident of Ohio, Dr. Leach cannot be subpoenaed by either party to appear at trial in Ohio. As neither party knew at the

---

[10] Similarly, to take a deposition of a person who has already been deposed *in the same case*, Fed. R. Civ. P. 30(a)(2) provides that a party to a lawsuit must obtain leave of court "which shall be granted to the extent consistent with Rule 26(b)(2)." In actions in which a second deposition of the same witness was requested, courts that have allowed the second deposition have limited the subject matter to those areas not covered in the first deposition. *See Tramm v. Porter Memorial Hospital*, 1989 U.S. Dist. LEXIS 16794 at **5 (N.D. Ind. 1989) ("There is no logical reason why the defendants' new attorney should duplicate the same material covered in the first deposition. Therefore, the second deposition must be limited to those areas not covered in the first deposition."); *see also Perry v. Kelly-Springfield Tire Co., Inc.*, 117 F.R.D. 425, 426 (N.D. Ind. 1987); *Christy v. Pennsylvania Turnpike Commission*, 160 F.R.D. 51, 53 (E.D. Pa. 1995); *Collins v. International Dairy Queen*, 189 F.R.D. 496 (M.D. Ga. 1999).

[11] Fed. R. Civ. P. 45(c)(1) states, in part, "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

5

deposition whether Dr. Leach would appear live at trial,[12] he was questioned to cover both contingencies, i.e., appearance at trial or not. In the Florida action, the plaintiff has been informed that Dr. Leach will appear live at trial. The Ohio deposition should serve at trial in Florida in every way that the Ohio deposition should serve at trial in Ohio.

In addition, "the burden or expense of the proposed discovery outweighs its likely benefit." A second deposition would be burdensome to Dr. Leach with no benefit to plaintiff United States.

### III.   IT WOULD BE UNDULY BURDENSOME TO OPEN THE DOOR TO DEPOSITIONS OF DR. LEACH IN SIX OTHER PENDING CASES

As stated above, the Ohio and Florida actions are two of eight lawsuits pending around the country between plaintiff United States and hospitals over the same issue.[13] One party or another may or may not want Dr. Leach to testify at trial in one or more of the other six lawsuits.[14] Dr. Leach may or may not wish to agree to testify at trial in one or more of these additional lawsuits. The parties may or may not want to depose Dr. Leach in one or more of these lawsuits.

---

[12] *See*, Exhibit D, T. 111-112.

[13] Each case is unique as to the identity and nature of the defendant institutions and their residency programs, as well as the tax years at issue. In his Ohio deposition, Dr. Leach testified relating to resident physicians and residency programs generally, rather than to particular residency programs (*see*, for example, Exhibit D, T. 136-137; 204-205; 277), with almost no substantive mention of the plaintiff University Hospital. *See*, Exhibit D, T. 42; 136-137 (government question not referring to University Hospital); 141; 152; 181-182 (Dr. Leach has not been to University Hospital); 204-205 (government question general - not referring to University Hospital in particular); 277 (government question general - not referring to University Hospital in particular). As to time frame, he testified to the history of GME from colonial America through the present (Exhibit D, T. 20-32), to GME generally from 1997 through 2004 (Exhibit D, T. 32; 74; 92), and to many GME related occurrences through 2006 (throughout the deposition).

[14] An alternative to live trial testimony in cases other than the Florida and Ohio cases might be offering the Ohio deposition under Federal Rule of Evidence 804(b)(1).

6

To allow plaintiff to take Dr. Leach's deposition in the Florida action, when plaintiff has already deposed him at length in another FICA/resident physician lawsuit, would open the door to deposing Dr. Leach as many as six more times, all covering the same ground. To place this kind of undue burden on a non-party witness would be unduly burdensome to the witness, without benefit to plaintiff.

Dr. Leach should not be subject to being subpoenaed for duplicative depositions, whether or not he testifies at a particular trial. In addition, he should not have to weigh in the burden of a duplicative deposition as he decides whether or not to testify at a particular trial.

## CONCLUSION

The status of resident physicians as students appears to be relevant to the construction of FICA. Given his background, Dr. Leach has information relating to this status. He has not agreed to be a paid expert witness. He gave his subpoena deposition testimony without pay in the Ohio action so as not to give the impression of bias for financial reasons.[15] He would like to do the same at trial in the Florida action. He should not have to be subjected to a deposition in the Florida action covering the same subject matter areas as covered by the Florida plaintiff in the Ohio deposition.

The motion to quash the subpoena should be granted.

Dated: November 1, 2007

Respectfully submitted,

_____
Douglas R. Carlson (0391948)
Nancy F. Afrasiabi (06285608)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 W. Wacker Drive
Chicago, Illinois 60606
(312) 201-2000
Attorneys for Subpoena Respondent David C. Leach, MD

---

[15] *See*, Exhibit D, T. 105-106.