

**FILED**

**NOV 7 2007**

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07-cv-06183 |
| ) | |
| MOUNT SINAI MEDICAL CENTER, ) | (02-cv-22715 in the S.D. Fla.) |
| ) | |
| Defendant, ) | |
| ) | |
| DAVID C. LEACH, ) | |
| Respondent. ) | |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO MOTION OF SUBPOENA RESPONDENT DAVID C. LEACH, MD TO STAY SUBPOENA FOR DEPOSITION, OR ALTERNATIVELY, TO QUASH SUBPOENA

Plaintiff, the United States of America, submits this memorandum in opposition to Motion of Subpoena Respondent David C. Leach, MD to Stay Subpoena for Deposition, or Alternatively, to Quash Subpoena. (Doc. 1).

Plaintiff and Defendant are parties to a suit in the United States District Court for the Southern District of Florida. Respondent David C. Leach ("Leach") filed this motion to quash a subpoena, by the United States, to give a deposition in the underlying Florida case. Contemporaneously with filing his motion in this Court, Leach also filed a Motion for a Protective Order in the Southern District of Florida. The court in the Southern District of Florida has scheduled a hearing on November 7, 2007, to decide Leach's motion for a protective order, and it would be duplicative for this Court to decide the same issue. Therefore, the United States requests that this Court grant Leach's request and stay the decision of his motion to quash in this Court pending resolution his motion for protective order in the Southern District of Florida.

2852521.1

If the Court grants Leach's motion for a stay, then the Court does not need to take any action on his motion to quash at this time. However, if the Court does decide to hear Leach's motion to quash, then the United States opposes Leach's Motion to Quash for the reasons stated below.

## BACKGROUND

The United States brought the underlying action, in the Southern District of Florida, in order to recover refunds of FICA taxes that the Internal Revenue Service erroneously paid to Mount Sinai Medical Center of Florida, Inc ("Mount Sinai"). At issue is whether residents at Mount Sinai are entitled to an exemption from FICA taxation as students performing services in the employ of a university. *See* 26 U.S.C. § 3121(b)(10). Subpoena respondent, Leach, an Illinois resident, is the Executive Director of the Accreditation Council for Graduate Medical Education, which accredits residency programs including Mount Sinai. Mount Sinai contacted Leach, who agreed to be a witness at trial, scheduled to begin March 3, 2008, in Miami, Florida. Plaintiff has not provided an expert report for Leach, as would be required under Rule 26(a)(2) of the Federal Rules of Civil Procedure, and has represented that Leach will appear as a fact witness only. After receiving notification that Leach would provide testimony for Mount Sinai, the United States subpoenaed Leach for deposition. Despite his continued intention to appear at trial at the request of Mount Sinai, Leach moves to quash the subpoena to appear at a discovery deposition.

**ARGUMENT**

I.  **LEGAL STANDARD**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure requires the Court to quash or modify a subpoena where it "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). The moving party bears the burden of demonstrating that a subpoena is oppressive. *Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895 (S.D. Ill. 2006); *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998). In considering whether a subpoena is unduly burdensome, a court may consider relevance, need and scope of the request. *Yield*, 460 F. Supp. 2d at 295 (quoting *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D. Kan. 2003); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.2d 812, 818 (5th Cir. 2004). Whether the witness is a non-party is also a consideration for the Court. *United States v. Amerigroup Illinois, Inc.*, No. 02-CV-074, 2005 WL 3111972, at *4 (N.D. Ill. Oct 21, 2005).

II.  **LEACH IS A VOLUNTEER FACT WITNESS**

Mount Sinai has designated Leach as a fact witness. As Leach resides far outside the subpoena power of the United States District Court for the Southern District of Florida, neither the United States nor Mount Sinai could compel him to attend this trial in this case. FED. R. CIV. PRO. 45(c)(3)(A). Thus, Leach's participation in this case, including his testimony at trial in Miami, is purely voluntary. It is solely by his own choice that he is involved at all in this case.

Because Leach is a fact witness and is expected to testify at trial, the United States should have the opportunity to take his deposition and explore his knowledge of the facts and circumstances of this case and to learn his anticipated trial testimony. Mount Sinai sought out

Leach as a witness, and it has agreed to pay Leach's costs for traveling to Miami to testify at the trial. While the United States cannot know the extent of Leach's cooperation with Mount Sinai prior to trial, it is expected that Leach will at least confer with Mount Sinai's attorneys to prepare his trial testimony. It is fundamentally unfair for Leach to volunteer to participate in this case, cooperate with one party, and then claim that a discovery deposition by the other party in the case would be so unduly burdensome that the Court should prohibit that deposition.

### III. THE UNITED STATES SHOULD NOT BE CONFINED TO THE DEPOSITION IN THE OHIO CASE

On April 20, 2007, Leach testified at deposition in a case pending in Ohio, which like the underlying litigation in this case, involves FICA taxes for medical residents. While the Ohio case is also being handled by attorneys at the U.S. Department of Justice, the underlying case involves a different hospital, different governing law, and none of the Department of Justice attorneys who worked on the Ohio case. Nevertheless, Leach argues that the United States should rely on his deposition testimony in the Ohio case because some of the testimony sought may be duplicative. While the two cases cover similar topics, fundamental differences exist that warrant deposing Leach in this case.

First, the United States is entitled to probe Leach's personal knowledge of Mount Sinai and the facts relevant to this case. Because Mount Sinai was not a party to the Ohio case, there was no reason to question Leach about his knowledge, if any, of Mount Sinai hospital and its residency programs. Accordingly, this was not covered in the Ohio deposition, and questions about Mount Sinai and its residency programs would not be duplicative. Moreover, to the extent that the Ohio deposition covered the residency programs of the Ohio hospital (or even residency programs in general), there are still differences that warrant taking Leach's deposition in this

case. For example, Mount Sinai and the Ohio hospital offer different residency programs. Leach has not been questioned about general accreditation requirements of residency programs offered at Mount Sinai that are not offered at the Ohio hospital. In addition, the United States has not had an opportunity to question Leach about personal knowledge about the programs offered at Mount Sinai, nor has it had the opportunity to inquire into whether or not Leach has had discussions with Mount Sinai's attorneys and, if so, the substance of those discussions. It has also not had the opportunity to question Leach on what materials, if any, he has reviewed about Mount Sinai and its residency programs.

Second, the United States has not had an attempt to question Leach under the legal standards governing the Florida case. At the time of Leach's deposition, the United States had a favorable ruling in the underlying case. Specifically, the Southern District of Florida had granted summary judgment for the United States. One month after the deposition, the Eleventh Circuit vacated and remanded, sending the case to trial. *United States of America v. Mount Sinai Med. Ctr. of Fl. Inc.*, 486 F.3d 1248 (11th Cir. 2007). This was the Eleventh Circuit's first ruling on FICA taxes for medical residents, and it established the law that governs these cases in that circuit. Accordingly, at the time that Leach was deposed in the Ohio case, it was impossible for the lawyers in the Ohio case to examine Leach within the legal framework set by the Eleventh Circuit.[1] Thus, the Court should permit the United States to take Leach's deposition in the Florida case so that the United States can have an opportunity to question him at a time when the United States knows the legal framework that governs the underlying case.

---

[1] Recognizing that this newly established legal framework will have an impact on the discovery that the parties take and how they prepare for trial, the Court reopened discovery following the Eleventh Circuit's remand of the underlying Florida case.

Third, the nature of discovery at a live deposition is unpredictable, especially for a non-expert, fact witness. Leach's deposition will reveal what type of witness the United States can expect at trial. Knowledge of a witnesses' behavior and mannerisms are invaluable to preparation for trial. Further, the United States cannot divine a witness' demeanor from deposition transcripts. The only means by which the United States can learn Leach's deportment and conduct is through a live deposition.

The United States recognizes that because the Ohio and Florida cases involve the same legal issues, there may be some duplication between Leach's deposition in the Ohio case and his deposition in the Florida case. However, as previously discussed, there are many topics that will not be duplicative and that upon which the United States should be permitted to question Leach. The Ohio and Florida cases are factually distinct and legally distinct in that they are governed by different precedential decisions in their respective circuits. Thus, the two cases are not so similar as require that the United States rely on a deposition from a prior case that is both factually and legally distinct from the underlying litigation.

## IV.  DEPOSITION IS NOT AN UNDUE BURDEN

In the Advisory Committee notes to Rule 45 of the Federal Rules of Civil Procedure, the 1991 Amendment noted that "[i]lllustratively, it might be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of matters in dispute, especially so if the adversary would be require to incur substantial travel burdens." FED. R. CIV. P. 45 advisory committee's notes. Leach does not fall within the scope of what the drafters intended to be an "undue burden."

Leach has made no showing of an undue burden. Leach himself expressly states that his testimony on the structure of residency programs, accreditation and other factual scenarios is relevant to the Florida case.[2] In addition to having relevant testimony, which he expects to offer at trial, Leach will not be required to travel to his deposition. The attorneys for the United States will take Leach's deposition in Chicago, where he works, and they will confer with Leach's attorney to schedule a mutually agreeable time and place for Leach's deposition. Thus, Leach has no travel expenses for the deposition. The only expense Leach bears is his own time spent in the deposition, and therefore, the United States need to obtain discovery from Leach far outweighs any slight inconvenience that he may face in participating in a deposition. Thus, Leach does not meet the burden of demonstrating the subpoena is oppressive when at most he will only be required to spend seven hours being deposed by attorneys in the underlying litigation.[3] Indeed, the amount of time that Leach has willingly agreed to spend traveling to Miami and testifying at trial far outweighs the amount of time he might be require to spend at his deposition, even assuming his deposition goes the full seven hours that are permitted by the Federal Rules. It is disingenuous to voluntarily agree to spend this significant amount of time

---

[2] *See* Memorandum in Support of Motion of Subpoena Respondent David C. Leach, MD to Stay Subpoena for Deposition, or in the Alternative, to Quash Subpoena, at 7 ("The status of resident physicians as students appears to be relevant to the construction of FICA. Given his background, Leach has information relating to this status.").

[3] In fact, the Federal Rules even go so far as to expressly permit a witness to be deposed multiple times in the same case, albeit with the Court's permission. FED. R. CIV. P. 30(a)(2)(B) ("A party must obtain leave of court, which shall be granted to the extent consistent with Rule 26(b)(2), if . . . the person to be examined already has been deposed in the case."); *see also LaSalle Nat. Ass'n v. Nomura Asset Capital Corp.*, No. 03-CV-4065 (D.C. Ill. July 16, 2003). Here, the United States only requests a single deposition of a witness who has volunteered to participate in this suit, admits he has relevant knowledge, and expects to testify at trial.

traveling to Miami and testifying at the behest of Mount Sinai and at the same time claim that a deposition in Chicago, where he works, by the United States would be unduly burdensome.

Finally, Leach argues that a ruling permitting deposition in this case would "open the door" to depositions in other pending cases. Whether Leach will be called to testify in future litigation is entirely his own choice. Leach is not required to testify at trial in Miami, or any other related case. If Leach feels he cannot sacrifice the time spent in deposition, he has a simple solution: withdraw as a witness. Moreover, if the Court denies Leach's motion for a protective order and allows the United States to take his deposition, that decision does not mean that Leach's deposition will be permitted in every other case in which he has volunteered to participate as a witness. He can still seek protective orders in those cases. Thus, a decision in this case will not necessarily open the door in future cases.

## CONCLUSION

Leach has not carried the burden of demonstrating that attending a deposition in Chicago, where he works, is an undue burden. Mere concerns that some parts of his deposition might be duplicative, especially in the face of identified topics that will not be duplicative, certainly do not rise to the level of undue burden. Additionally, Leach's concerns that a deposition in this case might open the door to depositions in other cases likewise does not make this deposition unduly burdensome. Permitting a voluntary witness to testify at trial, without deposition, would

fundamentally impair the United States' ability to discover evidence and prepare for trial.

Accordingly, the United States respectfully requests that the Court deny the Motion to Quash.

                Respectfully submitted,

                PATRICK FITZGERALD
                United States Attorney


                By: /s/ Brian R. Harris
                John M. Bilheimer, AR Bar No. 69003
                Brian R. Harris, IL Bar No. 6276539
                Katherine Walsh, Maryland Bar
                Trial Attorneys, U.S. Dept. of Justice
                P.O. Box 14198
                Washington, D.C. 20044
                Telephone:(202) 514-6070 (Bilheimer)
                              (202) 514-6483 (Harris)
                              (202) 353-7205 (Walsh)
                john.m.bilheimer@usdoj.gov
                brian.r.harris.@usdoj.gov
                katherine.walsh@usdoj.gov

2852521.1

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2007, I filed the foregoing document with the Clerk of the Court via mail. I also certify that the foregoing document is being serve via U.S. mail to:

Counsel for the respondent:

    Douglas Raymond Carlson
    Nancy Fati Afrasiabi
    Wildman, Harrold, Allen & Dixon, LLP
    225 West Wacker Drive
    30th Floor
    Chicago, IL 60606

Counsel for the Defendant, Mount Sinai Medical Center:

    Christopher Kliefoth, Esquire
    James E. Smith, Esquire
    Karla L. Palmer, Esquire
    McDermott, Will & Emery
    600 13th St., N.W.
    Washington, DC 20005-3096

    Bruce J. Berman, Esquire
    McDermott, Will & Emery
    201 South Biscayne Blvd., 22nd Floor
    Miami, Florida 33131-4336
    bberman@mwe.com

                                                      s/ John M. Bilheimer
                                                      John M. Bilheimer
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice
                                                      Washington, D.C. 20044

2852521.1